NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS HARRIS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3056

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-13-0026-I-1.

---

Decided: May 9, 2014

---

LOUIS HARRIS, of Palmdale, California, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Petitioner Louis Harris ("Harris") sought annuity benefits for his federal employment under the Civil Service Retirement System. The Office of Personnel Management ("OPM") concluded that Harris had forfeited his annuity benefits by previously requesting, and accepting, refunds of his retirement deductions. Harris appealed OPM's decision to the Merit Systems Protection Board ("Board"), which dismissed his appeal as untimely. Because Harris's appeal was untimely and he has not shown that a good cause existed for the delay, we *affirm* the Board's dismissal.

## BACKGROUND

Harris had three periods of federal employment. First, Harris worked for the Department of the Air Force from April 5, 1956 until February 21, 1960. Next, Harris worked for the Veteran's Administration from August 4, 1961 until July 10, 1965. Finally, Harris worked for the United States Postal Service from September 12, 1966 until May 18, 1979. After each of these periods of employment, Harris filed an application for refund of retirement deductions. The application Harris used to request each refund, Standard Form 2820, states: "if you have more than five years of service you may be entitled to annuity rights *which will be forfeited by payment of this refund* unless you are later reemployed subject to the Civil Service Retirement law." Respondent's App'x at 40 (emphasis added). Each application was granted and Harris received retirement deduction refunds of $1,214.36 in 1960, $1,011.02 in 1965, and $8,802.69 in 1979.

OPM found that, based upon the receipt of these refunds, Harris had forfeited his right to annuity benefits. In the letter that denied Harris's annuity request, OPM outlined Harris's right to appeal, noting that "an appeal must be filed within 30 calendar days after the date of this decision, or 30 days after receipt of this decision,

whichever is later." Harris did not appeal OPM's decision until 260 days after he received it. After receiving Harris's appeal, the Board issued an Acknowledgment Order, advising Harris that his appeal appeared untimely and ordering him to provide evidence or argument that his appeal was timely or that, if not, good cause existed for the delay. OPM responded to the Board's Order, arguing that Harris's appeal was untimely and filing a motion to dismiss. Harris did not respond to the Board's order or to OPM's motion to dismiss. The Board concluded that Harris had not shown that his appeal was timely or that good cause existed for the delay. Consequently, the Board dismissed Harris's appeal.

## DISCUSSION

Under 5 C.F.R. § 1201.22(b)(1), an appeal to the Board "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later." If an appeal is untimely, it "will be dismissed . . . unless a good reason for the delay is shown." 5 C.F.R. § 1201.22(c). A party may show good cause for a delay by establishing that he exercised due diligence under the circumstances of the case. Harris bears the burden of proving that his appeal was timely filed or, if untimely, that good cause existed for the delay. *See* 5 C.F.R. § 1201.56(a)(2)(ii).

Here, Harris does not dispute that his appeal was untimely. Nor does Harris present any reason for the delay in filing. He does not dispute that he received OPM's decision, or argue that he was unaware of the deadline for filing his appeal. Before the Board, he did generally suggest that he had inadequate legal assistance, stating that he has "had lawyers who have just seemed to just throw up both hands." Respondent's App'x at 16. However, Harris does not explain how this caused his delay in filing or point out how he acted diligently during the

delay. In sum, Harris has not met his burden of establishing a good reason for his delay in filing an appeal to the Board. As such, we affirm the Board's dismissal of his claim.

## AFFIRMED

Costs

No Costs.